IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

EDMOND ADAMS,                    )
                                 )
            Petitioner,          )
                                 )
v.                               )          Civil Action No. 5:07-0501
                                 )
T.R. CRAIG,                      )
Warden, FCI Beckley,             )
                                 )
            Respondent.          )

## PROPOSED FINDINGS AND RECOMMENDATIONS

On August 14, 2007, Petitioner, an inmate formerly incarcerated at FCI Beckley, Beaver, West Virginia,[1] and acting *pro se*, filed his Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[2] (Document No. 2.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

## FACTUAL AND PROCEDURAL HISTORY

In December 2003, Petitioner pled guilty to "Conspiracy to Possess with Intent to Distribute Cocaine" in violation of 21 U.S.C. § 846 in the United States District Court for the Southern District of New York. See United States v. Adams, S2:03-cr-532-07 (S.D.N.Y. Jan. 30, 2004); (Document

---

[1] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on January 30, 2009.

[2] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

No. 2, p. 5.) On January 30, 2004, Petitioner was sentenced to 87-months imprisonment, to be followed by a five-year term of supervised release. (Id., p. 6 - 7.)

On August 14, 2007, Petitioner filed the above Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241. (Id., p. 2.) Petitioner challenges Respondent's failure to timely enroll Petitioner in the Residential Drug Abuse Treatment Program [RDAP]. (Id.) Petitioner was notified of his eligibility to participate in RDAP and placed on RDAP waiting status on January 9, 2007. (Id.) On June 1, 2007, Petitioner was designated and transported to FCI Beckley "to complete RDAP and receive the benefits of an individualized determination for up to one year sentence reduction and six months placement in a Community Correctional Center halfway house or home confinement program pursuant to Title 18, U.S.C. § 3621(e)." (Id.) Petitioner states that FCI Beckley has failed to timely enroll him in RDAP. Since Petitioner's projected release date is September 3, 2009, Petitioner alleges that "it would be impossible for him to complete RDAP at FCI Beckley and still remain eligible to receive an individualized determination for up to one year sentence reduction and six months CCC placement, to which he is entitled under the plain language of the statute and pursuant to the clear intent of congress under Title 18, U.S.C. 3621(e)(2)(B)." (Id., pp. 2-3.) Petitioner argues that inmates at FCI Beckley are not permitted to enter RDAP until they are within 14 to 22 months of their release date, while other prisons routinely accept inmates into RDAP within 27 to 36 months of their release date. (Id., p. 3.) Petitioner asserts that FCI Beckley inmates "are thereby estopped from receiving the full benefits of completion, to which they were promised." (Id., p. 4.) Therefore, Petitioner contends that FCI Beckley is "frustrating the clear intent of Congress, under these statutes, by denying timely entry into the program." (Id.) Petitioner requests to Court to "grant the writ as necessary to enjoin the respondent and/or BOP from

impermissibly altering their agreement with this petitioner retroactively, and, in certain violation of the constitution, laws or treaties of the United States." (Id.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of

collateral consequences, and therefore, his Section 2241 Application must be dismissed.[3] See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 2.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have

---

[3] The undersigned further notes that Petitioner does not possess a constitutionally protected expectation interest in receiving a sentence reduction. Such a subjective expectation does not arise to the level of a constitutional claim. *See Mallette v. Arlington County Employees' Supplemental Ret. Sys. II*, 91 F.3d 630, 635 (4th Cir. 1996)("[A] mere expectation of a benefit – even if that expectation is supported by consistent government practice – is not sufficient to create an interest protected by procedural due process. Instead, the statute at issue must create an entitlement to the benefit before procedural due process rights are triggered."). Neither Section 3621(e), the BOP's Program Statement (P.S. 5162.04), nor the Code of Federal Regulations (28 C.F.R. § 550.58), contain explicit mandatory language or standards limiting the BOP's discretion, which may have given rise to a protected liberty interest in early release. *See Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 109 S.Ct. 1904, 1909-10, 104 L.Ed.2d 506 (1989)(Regulations must contain "explicitly mandatory language" to create a liberty interest.). Accordingly, Petitioner does not possess a statutorily protected expectation interest in early release.

4

seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: April 13, 2010.

R. Clarke VanDervort
United States Magistrate Judge